# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 941 MAL 2015
:
         Respondent :
: Petition for Allowance of Appeal from
: the Order of the Superior Court
    v. :
:
:
:
QU'EED BATTS, :
:
        Petitioner :

## ORDER

**PER CURIAM**

**AND NOW**, this 19th day of April, 2016, the Petition for Allowance of Appeal is

**GRANTED**, **LIMITED TO** the following issues raised by Petitioner:

1. In <u>Miller v. Alabama</u>, the U.S. Supreme Court outlawed mandatory life without parole for juveniles (LWOP), and instructed that the discretionary imposition of this sentence should be "uncommon" and reserved for the "rare juvenile offender whose crime reflects irreparable corruption."

    i. There is currently no procedural mechanism to ensure that juvenile LWOP will be "uncommon" in Pennsylvania. Should this Court exercise its authority under the Pennsylvania Constitution to promulgate procedural safeguards including (a) a presumption against juvenile LWOP; (b) a requirement for competent expert testimony; and (c) a "beyond a reasonable doubt" standard of proof?

    ii. The lower court reviewed the Petitioner's sentence under the customary abuse of discretion standard. Should the Court reverse the lower court's application of this highly deferential standard in light of <u>Miller</u>?

2. In <u>Miller</u>, the U.S. Supreme Court stated that the basis for its individualized sentencing requirement was Graham's comparison of juvenile LWOP to the death penalty.  The Petitioner received objectively less procedural due process than an adult facing capital punishment.  Should the Court address the constitutionality of the Petitioner's resentencing proceeding?

The Petition for Allowance of Appeal is **DENIED** with respect to Petitioner's third stated issue.