J-S04039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LEE BOURGEOIS, | : | |
| | : | |
| Appellant | : | No. 1248 MDA 2014 |

Appeal from the PCRA Order July 7, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0004224-2001
and CP-36-CR-0004975-2001

BEFORE:    BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED JULY 29, 2016**

This matter comes before us on remand from the Pennsylvania Supreme Court, following its entry of an order vacating our affirmance of the dismissal of the petition filed by Michael Lee Bourgeois (Appellant) pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We now reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing.

In 2003, Appellant was sentenced to two consecutive terms of life imprisonment without possibility of parole following his negotiated guilty plea to two counts of first-degree murder based upon events that took place when Appellant was 17 years old.  The order from which Appellant appealed denied his request for PCRA relief based upon the United States Supreme

*Retired Senior Judge assigned to the Superior Court.

Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in which the Court held unconstitutional mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed homicides. The PCRA court determined that Appellant did not properly invoke the newly-recognized-constitutional-right exception to the PCRA's one-year timeliness requirement provided in 42 Pa.C.S. §9545(b)(1)(iii) because our Supreme Court held in *Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa. 2013), that *Miller* does not apply retroactively. We affirmed based upon *Cunningham*. *Commonwealth v. Bourgeois*, 120 A.3d 1067 (Pa. Super. 2015) (unpublished memorandum).

While Appellant's subsequent petition for allowance of appeal to our Supreme Court was pending, the U.S. Supreme Court decided in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), that *Miller* announced a new substantive rule of law which applies retroactively. On February 24, 2016, our Supreme Court entered a *per curiam* order granting Appellant's petition for allowance of appeal, vacating this Court's order, and remanding for further proceedings consistent with *Montgomery*. *Commonwealth v. Bourgeois*, 132 A.3d 983 (Pa. 2016).

We directed the parties to brief what effect, if any, the fact that Appellant's sentence was imposed as a term of a negotiated plea agreement has upon Appellant's request for relief. Neither party's brief presents any

- 2 -

authority to support distinguishing this case from one in which a mandatory sentence of life imprisonment without the possibility of parole was imposed upon a juvenile after a trial. Accordingly, we decline to find that Appellant's claim in this case, in which he bargained for life imprisonment at a time when he faced a possible death sentence, falls outside the reach of **Miller** and **Montgomery**.

Under **Miller**, **Montgomery**, and this Court's decision in **Commonwealth v. Secreti**, 134 A.3d 77 (Pa. Super. 2016), Appellant is entitled to PCRA relief in the form of resentencing following judicial consideration of appropriate age-related factors.[1]

The Commonwealth does not dispute that Appellant is entitled to resentencing consistent with **Miller** and **Montgomery**. Commonwealth's Brief, 6/7/2016, at 11. However, it suggests that further proceedings in this Court should await guidance from our Supreme Court on how to resentence juveniles who obtain relief pursuant to **Miller** and **Montgomery**. **See id.** at

---

[1]     [A]t a minimum [the sentencing court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

**Secreti**, 134 A.3d at 81-82 (internal quotation marks and citations omitted).

13-14 (citing **Commonwealth v. Batts**, 135 A.3d 176 (Pa. 2016)).[2]  We see no reason to hold the case in this Court pending our Supreme Court's decision.  The Commonwealth and Appellant may address their respective positions on the form and substance of Appellant's resentencing to the trial court.

Order reversed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

Judge Allen did not participate in the consideration or decision of this memorandum.

_____

[2] The grant of allowance of appeal includes, *inter alia*, the following issues:

> In **Miller v. Alabama**, the U.S. Supreme Court outlawed mandatory life without parole for juveniles (LWOP), and instructed that the discretionary imposition of this sentence should be "uncommon" and reserved for the "rare juvenile offender whose crime reflects irreparable corruption."
>
>> i. There is currently no procedural mechanism to ensure that juvenile LWOP will be "uncommon" in Pennsylvania.  Should this Court exercise its authority under the Pennsylvania Constitution to promulgate procedural safeguards including (a) a presumption against juvenile LWOP; (b) a requirement for competent expert testimony; and (c) a "beyond a reasonable doubt" standard of proof?
>>
>> ii. The lower court reviewed the Petitioner's sentence under the customary abuse of discretion standard.  Should the Court reverse the lower court's application of this highly deferential standard in light of **Miller**?

**Batts**, 135 A.3d at 176.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2016